**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DEUTSCHE BANK NATIONAL TRUST
COMPANY in its capacity as indenture
trustee for the Noteholders of AAMES
Mortgage Investment Trust 2005-2, a
Delaware statutory trust,

       Plaintiff,

          v.

ROGER THOMAS WESTGATE and
ANTONIA E. WESTGATE,

       Defendants.

CIVIL ACTION NO. 3:CV-12-1962

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is the Mortgage Foreclosure Complaint of Plaintiff Deutsche Bank National Trust Company in its capacity as indenture trustee for the Noteholders of AAMES Mortgage Investment Trust 2005-2, a Delaware statutory trust ("Deutsche Bank").  (Doc. 1.)  Because the Complaint fails to establish that the Court has subject matter jurisdiction over the action, it will be dismissed unless Plaintiff can show that diversity jurisdiction is proper.

### I. Background

Plaintiff filed this action on October 1, 2012.  Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). (*Compl.*, ¶ 3.) The Complaint states that Deutsche Bank "is a corporate body having a place of business in Residential Credit Solutions, Inc., 4282 N. Freeway, Fort Worth, Texas, 76137."  (*Id*. at ¶ 1.)  The Complaint also states that Defendants Roger and Antonia Westgate "reside at 5414 Clearview Drive, Long Pond, PA 18334." (*Id*. at ¶ 2.)

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. See Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir. 2002) (citing *Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 255 (3d Cir. 2002)).  Pursuant to 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states.  In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived."  *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904).  Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits."  *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  A corporation may only have *one* principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege

2

where a corporation has *"its* principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "*a* principal place of business," rather than "*its* principal place of business"). A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

In the *sub judice*, Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship of Plaintiff. While Plaintiff avers in its Complaint that it is a corporate body having a place of business in Texas, this appears to be an insufficient declaration of corporate citizenship. Here, Plaintiff does not allege its principal place of business or its state of incorporation. As such, the citizenship of Plaintiff is not properly alleged.[1]

In addition, diversity is insufficiently alleged as to Defendants. Plaintiff alleges in its Complaint that Defendants "reside" in Pennsylvania. (*Compl.*, ¶ 2.) It is well established that the term "citizenship" is not synonymous with "resident." *See Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991) ("although a party's residence is *prima facie* evidence of domicile, residency alone is insufficient to establish jurisdiction on the basis of

---

[1]     Alternatively, to the extent that Plaintiff is a national banking association, Plaintiff also fails to properly allege its citizenship for purposes of diversity jurisdiction. "[N]ational banking associations shall . . . be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. The Supreme Court has interpreted this language to mean that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006). Here, the Complaint does not state the location of Deutsche Bank's main office as it appears in its articles of incorporation.

3

diversity; two elements are necessary to establish domicile, residency coupled with an intent to continue to remain in that location"); *see also Wachovia Bank, N.A. v. Ford*, No. 3:09-CV-778, 2009 WL 1140532 (M.D. Pa. Apr. 27, 2009).  Here, to properly allege diversity, Plaintiff must allege the state of citizenship of Defendants, not merely their state of residence.

Therefore, because Plaintiff fails to allege necessary facts regarding the citizenship of the parties, the Court cannot determine whether complete diversity of citizenship exists and thus cannot exercise jurisdiction.

### III. Conclusion

Plaintiff's Complaint fails to show the existence of subject matter jurisdiction.  The Plaintiff will be given twenty-one (21) days in which to file an amended complaint if it can show that diversity of citizenship jurisdiction exists.  Failure to do so will result in this action being dismissed.

An appropriate order follows.


 October 3, 2012             /s/ A. Richard Caputo
Date                                      A. Richard Caputo
                                             United States District Judge